IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **ZACHARY L. TOLER,** | CASE NO. 3:25 CV 2266 |
| Plaintiff, | JUDGE JAMES R. KNEPP II |
| v. | |
| **JUDGE MARY PAT ZITTER, et al.,** | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

### INTRODUCTION

Plaintiff Zachary Toler filed this action *pro se* to contest child custody orders entered in the Mercer County Common Pleas Court from 2013 to 2025. *See* Doc. 4. He names as Defendants Mercer County, Mercer County Common Pleas Juvenile Court Judge Mary Pat Zitter and Magistrate Richard M. Delzeith, court-appointed Guardian *Ad Litem* Molli A. Schleucher, and Brittany Schwartz, the mother of his minor child. *Id.* at 2. Plaintiff asserts claims under 42 U.S.C. § 1983 for conspiracy to violate civil rights, denial of procedural and substantive due process, and denial of equal protection. *Id.* at 4-5. He also asserts a conspiracy claim under 42 U.S.C. § 1985. *Id.* at 5. Plaintiff lodges these allegations against various Defendants in their individual capacities, as well as the County as such by way of a *Monell* claim. *Id.* at 2, 5. Plaintiff seeks monetary damages, an order declaring the state court orders to be void, an order granting him immediate custody of his minor child, and an order restraining the state court from issuing any other orders that he believes will violate his rights. *Id.* at 5-6.

Plaintiff also submitted a Motion to Proceed *In Forma Pauperis*. (Doc. 1). He used an outdated form which the Court no longer accepts because it does not provide sufficient information on income, assets, and debt. Generally, the Court would order Plaintiff to amend his Motion by completing and filing the current form; however, because this Court lacks subject matter jurisdiction to review, reverse, and replace state court child custody orders, any amendment would be futile. The Court will grant Plaintiff's request to proceed *In Forma Pauperis*, but, for the reasons set forth below, will dismiss his Complaint, with prejudice, for lack of subject matter jurisdiction.

## BACKGROUND

In June 2013, Plaintiff filed an action in the Mercer County Common Pleas Court, Juvenile Division seeking to establish paternity and parenting time with his minor biological daughter. (Doc. 4, at 3). He contends Defendants have denied his rights through perjury, evidence suppression, and "procedural fraud." *Id.* He claims he requested medical records in 2013, but they were never provided. *Id.* He asserts the child's mother began to make exaggerated medical claims about the child, including undocumented medical issues, allergies, acid reflux, asthma, and feeding difficulties. *Id.* He contends his attorney withdrew in 2014, claiming a "possible threat." *Id.* Another attorney withdrew on the day of trial after demanding a $2,000 payment, leaving him without counsel on the day of the hearing. *Id.*

In 2015, the court ordered psychological testing. *Id.* After three facilities refused to do the testing, a fourth accepted. *Id.* He contends the evaluator's report claimed to review 77 pages of evidence, including pictures of bruising, but, despite requests, the documents were never sent to Plaintiff. *Id.* He claims this enabled supervised visitation restrictions to be imposed on him. *Id.* Plaintiff further alleges the child support calculations were fraudulent, resulting in overpayments. *Id.* Finally, he contends he was denied discovery and medical records. *Id.* at 4.

2

Plaintiff claims that in August 2025, he discovered a large cash transaction had taken place with an unknown individual at a secluded location with the child present. *Id.* Plaintiff does not explain what type of transaction this was. *See id.* He concludes that it constituted child endangerment and prompted him to file an emergency Motion for Custody. *Id.* He claims the court would not allow the child to testify during an *ex parte* hearing and denied his request for emergency custody. *Id.* He states, "[t]he same unsubstantiated medical allegations from 2013 were recycled in 2025, proving the systematic nature of the fraud." *Id.*

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted or lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading

3

that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## DISCUSSION

*Rooker-Feldman* Doctrine

As an initial matter, this Court lacks subject matter jurisdiction to review, reverse, or void state court judgments. United States District Courts do not have jurisdiction to overturn state court decisions even if the request to reverse the state court judgment is based on an allegation that the state court's action was unconstitutional. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). Federal appellate review of state court judgments can only occur in the United States Supreme Court after the Court grants a petition for a writ of certiorari. *Id.* Under this principle, generally referred to as the *Rooker-Feldman* doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his federal rights. *Berry v. Schmitt*, 688 F.3d 290, 298-99 (6th Cir. 2012).

The *Rooker-Feldman* doctrine is based on two United States Supreme Court decisions interpreting 28 U.S.C. § 1257(a).[1] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S.

---

1. 28 U.S.C. § 1257(a) provides:

> Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the

462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This provision "is designed to prohibit end-runs around state court judgments" by requiring litigants seeking review of that judgment to first directly appeal to the state high court and then petition for a writ of certiorari with the United States Supreme Court. *Kovacic v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 606 F.3d 301, 308 (6th Cir. 2010). "The *Rooker-Feldman* doctrine . . . is based on the negative inference that, if appellate court review of state judgments is vested in the Supreme Court, then it follows that such review may not occur in the lower federal courts." *Id.* at 309.

*Rooker-Feldman* applies narrowly. It does not bar federal jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil Corp.*, 544 U.S. at 293. It also does not address potential conflicts between federal and state court orders, which fall within the parameters of the doctrines of comity, abstention, and preclusion. *Berry*, 688 F.3d at 299. Instead, the *Rooker-Feldman* doctrine applies only where a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself and seeks review and rejection of that judgment. *Berry*, 688 F.3d at 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). Stated differently, *Rooker-Feldman* does not deny a federal court jurisdiction over a federal claim independent of a state-court judgment. *Exxon Mobil Corp.*, 544 U.S. at 293.

There is a fine line between review of a state court judgment itself and adjudicating an independent federal claim raising similar issues as those resolved in such judgments. To determine whether *Rooker-Feldman* bars a claim, the Court must look to the "source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006);

---

Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.

*see also Berry*, 688 F.3d at 299; *Kovacic*, 606 F.3d at 310. If the source of the plaintiff's injury is the state court judgment itself, then the *Rooker-Feldman* doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.*; *see Lawrence*, 531 F.3d at 368-69. In conducting this inquiry, the Court also considers the plaintiff's requested relief. *Evans v. Cordray*, 424 F. App'x 537, 540-41, (6th Cir. 2011).

Here, Plaintiff asks this Court to void the state court orders and restrain the state court from enforcing those orders. This Court lacks subject matter jurisdiction to conduct that review or grant that relief.

Furthermore, this Court cannot conduct an independent evaluation and issue its own child custody order. First, child custody decisions are governed by state law, not federal law. This Court lacks subject matter jurisdiction to decide child custody issues.

<u>Res Judicata</u>

Moreover, the doctrine of *res judicata* bars this Court from entertaining and deciding issues that were already decided by the state court. The term "*res judicata*" literally means "a thing adjudicated," and is defined as "[a]n issue that has been definitively settled by judicial decision." *Res judicata*, Black's Law Dictionary (12th ed. 2024). The doctrine of *res judicata* bars duplicative litigation based on the same event or events. *Montana v. United States*, 440 U.S. 147, 153 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979). When one court has already resolved the merits of a case, another court will not revisit them. *Montana*, 440 U.S. at 153. The doctrine of *res judicata* therefore precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660-61 (6th Cir. 1990). It bars relitigation of every

issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id*. Furthermore, *res judicata* bars a plaintiff from relitigating in federal court claims and issues that were previously decided by a state court. *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009).

The doctrine of *res judicata* consists of two separate preclusion concepts, issue preclusion and claim preclusion. *Heyliger v. State Univ. & Cmty. Coll. Sys. of Tenn.*, 126 F.3d 849, 852 (6th Cir. 1997). Claim preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001). Issue preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated, resolved in a valid court determination, and essential to the prior judgment, whether or not the issue arises as part of a separate claim. *Id*.

This case is barred by issue preclusion. The issues of child custody, child support, and parenting time were decided by the Mercer County Juvenile Court. This Court cannot revisit those issues and render decisions that may conflict with the state court orders. *Res judicata* bars relitigation of these issues in federal court.

Not Subject to Suit

Even if this pleading were not barred by the *Rooker-Feldman* doctrine and *res judicata*, this action could not proceed against these Defendants because none of them is subject to suit. Judge Zitter and Magistrate Delzeith are absolutely immune from suits for damages that are based on decisions they made in the course of presiding over a case. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Ms. Schleucher, as the court-appointed Guardian *Ad Litem*, is entitled to quasi-judicial immunity for actions within the scope

of her role as "advocate for the child in judicial proceedings." *Kurzawa v. Mueller*, 732 F.2d 1456, 1458 (6th Cir. 1984); *Arsan v. Keller*, 784 F. App'x 900, 908 (6th Cir. 2019). Ms. Schwartz is not subject to suit under 42 U.S.C. § 1983 as a private party. That statute only applies to individuals acting under color of state law. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Mercer County cannot be held liable for the decisions of judges presiding over cases; § 1983 does not permit a plaintiff to sue a local government entity on the theory of *respondeat superior*. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692-94 (1978). A plaintiff may only hold a local government entity liable under § 1983 for the entity's own wrongdoing. *Id*. There is no suggestion in the Complaint of any action taken by Mercer County apart from the decisions of judges in its domestic relations or juvenile court.

Conspiracy Claim

Finally, Plaintiff fails to state a conspiracy claim under 42 U.S.C. § 1985. To state such a claim, Plaintiff must allege facts supporting the assertion that Defendants (1) conspired for the purpose of depriving him of the equal protection of the laws, and (2) committed an act in furtherance of such conspiracy motivated by racial or other class-based invidiously discriminatory animus. *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999); *see also Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2003) (quoting *United Bhd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828-29 (1983)). The acts that allegedly "deprived the plaintiff of equal protection must be the result of class-based discrimination." *Vakilian*, 335 F.3d at 518-19. Conspiracy claims must be pled with specificity. A plaintiff fails to adequately state a claim for relief if his allegations are premised upon mere conclusions and opinions. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Plaintiff must make sufficient factual allegations to link two alleged conspirators in the conspiracy and to establish the requisite "meeting of the minds" essential to the

8

existence of the conspiracy. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (holding that a plaintiff failed to state a claim for conspiracy pursuant to § 1985 for failure to allege a meeting of the minds).

Here, Plaintiff merely recites the elements of the cause of action and concludes that there was a conspiracy motivated by gender discrimination. There are no facts in the Complaint which explain or support that conclusion. This claim is stated solely as a legal conclusion and is insufficient to state a claim upon which relief may be granted.

### Conclusion

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 1) be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that this action be, and the same hereby is, DISMISSED pursuant to 28 U.S.C. § 1915(e); and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: December 29, 2025